CRICHTON, J.,
additionally concurs and assigns reasons.
11 Granted. The execution is stayed pending further orders.
| because this Court’s review of the district court’s denial of post-conviction relief is pending, I agree with the decision that the execution must be stayed. See generally Barefoot v. Estelle, 463 U.S. 880, 887-88, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (noting that “a death sentence cannot begin to be earned out by the State while substantial legal issues remain outstanding”). I write separately, however, to express my concern that it has taken nearly a decade for state collateral review to reach this Court.,
The defendant confessed to multiple homicides, including the murder of 71-year-old Lillian Philippe, whom he stabbed to death in her home. He was found guilty of first degree murder and sentenced to death in 1999. The conviction and sentence were affirmed on appeal. State v. Blank, 04-0204 (La.4/11/07), 955 So.2d 90, cert. denied, Blank v. Louisiana, 552 U.S. 994, 128 S.Ct. 494, 169 L.Ed.2d 346 (2007). Post-conviction proceedings were initiated in 2007 with the filing of a pro se “shell” application, and four lengthy counseled supplemental applications followed. The district court issued rulings in July and September 2015 addressing all *1265 claims and denying relief. From those rulings, the defendant applied to this Court for review on February 1, 2016. Execution was set for March 14, 2016.
Both the state and post-conviction counsel bear responsibility for this long | ?delay, which has become the unfortunate hallmark of capital post-conviction litigation in Louisiana.. Irrespective of what relief, if any, is forthcoming for the defendant, in my view, it is important to point out that this inordinate delay frustrates our objectives of efficient and effective administration of criminal justice.